64 F.3d 510
 33 Fed.R.Serv.3d 476, 48 Soc.Sec.Rep.Ser. 816,
95 Cal. Daily Op. Serv. 6740,
95 Daily Journal D.A.R. 11,591
 Mark JONES, individually and on behalf of all similarly
situated persons; Orlando Corona, individually
and on behalf of all similarly situated
persons, Plaintiffs-Appellants,
v.
Donna E. SHALALA, Secretary of the U.S. Department of Health
and Human Services; Shirley Chater, Commissioner
of the Social Security Administration,
Defendants-Appellees.
 No. 94-16865.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided Aug. 25, 1995.
 
 Curtis L. Child, Legal Services of Northern California, Inc., Sacramento, CA, for plaintiffs-appellants.
 Edmund F. Brennan, Asst. U.S. Atty., Sacramento, CA, for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before: CUMMINGS*, SCHROEDER and RYMER, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 This is the second appeal in this class action suit. In Jones v. Shalala ("Jones I"), 5 F.3d 447 (9th Cir.1993), we invalidated the formula used by the Secretary of Health and Human Services (the "Secretary") for determining a Supplemental Security Income ("SSI") applicant's monthly benefit payments in the first three months of eligibility. We considered the Secretary's policy of looking to a one-time nonrecurring payment each class member had received during only the first month of eligibility and reducing the individual's benefits by the full amount of such payment in the first, second, and third months of eligibility. We held the policy violated the Supplemental Security Income for Aged, Blind, and Disabled Act, 42 U.S.C. Sec. 1382(c)(2) ("the Act"). On remand, and after final judgment was entered, a dispute ensued as to the breadth of the class. The district court rejected plaintiffs' belated contention that the class included not only SSI applicants who received a particular type of income in the first month and no such income in the second and third months, but also included SSI applicants who experienced a reduction of income between the first and second months and/or the second and third months of eligibility for SSI benefits as well. We affirm.
 
 BACKGROUND
 
 2
 Three class representatives filed this action in 1992 challenging the Secretary's policy for determining monthly benefits. Mark Jones, Ira Johnson and Orlando Corona were the class representatives.[1] All three were incarcerated and received a "one-time 'gate release' payment" upon their release from prison. Jones I, 5 F.3d at 448. That payment was treated by the Secretary as if it had been received in each of the first three months of the plaintiffs' SSI eligibility, although it was only received in the first month. Id.
 
 
 3
 On August 28, 1992, plaintiffs' attorneys filed a Notice of Motion and Motion for Class Certification that sought certification of a class consisting of:
 
 
 4
 All SSI recipients who reside or have resided in the Ninth Judicial Circuit of the United States, who have had or will have their eligibility or benefit amount for SSI for any month determined pursuant to defendants' policy of retrospective monthly accounting (RMA) under 42 U.S.C. Sec. 1382(c)(2) and Program Operations Manual System Sec. SI 02005.060-.065 or 20 C.F.R. Sec. 416.420(b) and, as a consequence of such determination, who have had or who will have nonrecurring income in their first month of eligibility after an initial application or period of ineligibility used as the basis for their SSI benefit computation for the first three months of eligibility.
 
 
 5
 In an order filed Dec. 23, 1992, the district court certified the proposed class in accordance with Fed.R.Civ.P. Rule 23. The district court denied plaintiffs' motion for summary judgment, and granted the Secretary's cross-motion for summary judgment. On September 23, 1993, Jones I reversed the district court.
 
 
 6
 On February 11, 1994, the plaintiffs filed a motion to compel the Secretary to comply with Jones I. After negotiations, the parties reached agreement on the language to be included in the district court's order compelling such compliance. In its order, filed May 10, 1994, the district court directed the Secretary to instruct all Social Security offices in the Ninth Judicial Circuit to discontinue the policy "by which the defendants count nonrecurring income received only in the first month of eligibility ... to determine the first three months of eligibility for ... [SSI] benefits." The district court, noting that it had never precisely defined the class in this case, so defined it as "SSI recipients ... who have had nonrecurring income in their first month of eligibility or reeligibility used as the basis for their SSI benefit computation for the first three months of eligibility or reeligibility." The order served as the district court's judgment implementing this court's opinion.
 
 
 7
 To comply with that judgment, the Secretary issued a teletype on June 9, 1994 to all Social Security staff in the Ninth Circuit. The teletype provided:
 
 
 8
 As a result of a court order issued on May 10, 1994, in the case of Jones, et al. v. Shalala, SSI must cease "triple counting" nonrecurring income for the purpose of determining federal and/or State supplementary payments in Supplemental Security Income (SSI) cases for residents of the Ninth Judicial Circuit. Triple counting, or a reduction of three months' benefits because of income for a single month, occurs because the first month of eligibility is the budget month for each of the first three months' payments.
 
 
 9
 The Secretary also defined "nonrecurring income" as income "that is present in the first month but not in the second."
 
 
 10
 On June 16, 1994, plaintiffs challenged the Secretary's construction of "nonrecurring income" as unduly restrictive because it excluded a "decrease in the amount of income" from one month to the next. Plaintiffs filed a motion to compel the Secretary to comply with their interpretation of the district court's May 10, 1994 order. In an order filed September 2, 1994, the district court denied plaintiffs' motion "on the ground that Plaintiffs' construction of the language in the [May 10, 1994] order is incorrect." Determining that Jones I involved only those plaintiffs who had received a one-time receipt of income that ceased, rather than diminished, after the first month, the district court refused what it characterized as plaintiffs' invitation to the court "to apply the holding in Jones to circumstances, or claims, which they raise now for the first time." Plaintiffs appeal.
 
 DISCUSSION
 
 11
 The issue before us is whether the claims asserted in this appeal were included in the judgment the named plaintiffs obtained in Jones I. The Secretary argues that plaintiffs impermissibly seek to amend the class's definition post-judgment by adding SSI recipients whose claims differ from those of the named plaintiffs. Plaintiffs contend that similarity of legal theory should control in the face of factual differences, and reduced recurring-income plaintiffs should be seen as covered by Jones I.
 
 
 12
 We are persuaded that the district court correctly concluded that plaintiffs who experienced a diminution, rather than a cessation, of income after the first month of their SSI eligibility are not within the scope of the class contemplated by Jones I. The plaintiffs' original definition of the class is instructive. In their Memorandum of Points and Authorities in Support of Motion for Class Certification, the plaintiffs explained that "the [Secretary's] methodology has the peculiar and extreme result of severely penalizing beneficiaries who have some income in the first month, but no income in the following two months." (Emphasis added).
 
 
 13
 Additionally, as the district court correctly noted in its September 2, 1994 order, the plaintiffs conceded at a July 18, 1994 hearing that no class representative had experienced the "reduced" recurring income of the type now argued to be nonrecurring income. Instead, each of the three class representatives received, upon being released from prison, one-time payments during their first month of SSI eligibility.
 
 
 14
 Plaintiffs admit, as they must, that those SSI recipients who experience a diminution, rather than a cessation, of income after the first month of eligibility pose factual differences from the named plaintiffs. They argue, however, that reduced recurring-income plaintiffs are clearly encompassed by the legal principles announced in Jones I, and that factual differences alone do not mean that such plaintiffs should not be considered part of the Jones I class. To support this proposition, they call our attention to some of this court's language in Jones I:
 
 
 15
 We find that the congressional intent underlying [42 U.S.C.] Sec. 1382(c)(2)(A) is clear and unambiguous. Section 1382(c)(2)(A) requires the Secretary to base its monthly payment calculation on "income ... and other relevant circumstances." The nonrecurring nature of income is relevant to an accurate calculation of a claimant's SSI benefit payments in the first three months of eligibility. To be consistent with the humanitarian purpose of the Act and ensure that claimants are able to maintain a minimum subsistence level, the Secretary must deduct nonrecurring income only once.
 
 
 16
 Jones I, 5 F.3d at 451-52.
 
 
 17
 Plaintiffs argue that regardless of whether income from a particular source ceases after the first month or merely diminishes, there is always an amount of income that is nonrecurring, and triple-deducting such an amount does violence to the "humanitarian purpose of the Act," id. at 451, no less than triple-deducting nonrecurring income from a source that ceases after the first month. This argument, however, misses the point in this appeal. The question before us is not whether reduced recurring-income plaintiffs could have been made part of the Jones I class. The question is whether they were. The record conclusively demonstrates that, like the named plaintiffs, "[e]ach member of the class received nonrecurring (one-time) income during the first month of SSI eligibility," Jones I, 5 F.3d at 448 (emphasis original), and such income was from a source that ceased after the first month.
 
 
 18
 Plaintiffs argue that the class representatives' claims should be regarded as "typical" of a larger class that includes reduced recurring-income plaintiffs. See Fed.R.Civ.P. 23(a)(3). The test of typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992). Typicality arguments, however, are misplaced. Typicality is an inquiry we undertake pursuant to Fed.R.Civ.P. 23(a) to determine whether a named plaintiff may represent a class. See Hanon, 976 F.2d at 508 (noting that "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class"). Typicality is a prerequisite to class certification. Once a class has been certified, representatives appointed and judgment entered, the typicality requirement tells us nothing about whether given individuals may seek to have a class judgment applied to them.
 
 
 19
 We do not decide, on the merits, whether the legal principle embodied in Jones I is fully applicable to SSI applicants who have reduced recurring income. It may well be. It also may not be. Reduced recurring-income plaintiffs may attempt to avail themselves of Jones I in separate litigation. The Secretary may then present particular defenses, if any there be. However, the individuals whose claims are now asserted were never considered part of the class for whom the district court and this court ordered relief, and therefore cannot obtain relief in this action.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Plaintiff Johnson has died and is no longer a class representative